**BULOT et al. v. FREEPORT SULPHUR CO., Inc.**

Civ. A. No. 539.

District Court, E. D. Louisiana, New Orleans Division.

June 3, 1942.

R. A. Dowling, of New Orleans, La., for plaintiffs.

Battle, Levy, Fowler & Neaman and Pearson E. Neaman, all of New York City, and Monroe & Lemann, Monte M. Lemann, Walter J. Suthon, Jr., and Malcolm L. Monroe, all of New Orleans, La., for defendant.

**CAILLOUET, District Judge.**

This cause coming up for trial upon the stipulation of facts submitted by the parties and filed in the record hereof, and trial by jury being waived, and considering that the first of the eight defenses pleaded by the defendant, viz.: "The complaint fails to state a claim against defendant upon which relief can be granted. * * *", is decisive of the issue between the parties, i. e. whether, under the circumstances reflected by such stipulation of facts, plaintiffs and intervenors, by virtue and authority of any of the provisions of the Fair Labor Standards Act of 1938, may legally claim to be paid wages (and that, at the rate of time-and-a-half) for "travel time" and time intervening between such "travel time" and actual "work" at defendant's plant or mine, averaging, in the aggregate, no more than 90 minutes per day.

The court now makes the following findings of fact and conclusions of law, to-wit:

### Findings of Fact

1. Plaintiffs and intervenors were employed by Freeport Sulphur Company, Inc., in the "production of goods for commerce", within the intendment of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, at its sulphur mine, or rather, at its surface sulphur-producing plant, located about 3 miles from the Gulf of Mexico, at Grand Ecaille, Parish of Plaquemines, within the Eastern District of Louisiana, and this court is vested with jurisdiction to try the cause, under section 41(8), 29 U.S.C.A. The hourly rates of pay covering said mentioned employments ranged from 60 cents to $1.23 for a work week of 40 hours, and ever since January 1, 1941, the hourly rate of pay for none of said plaintiffs and intervenors was less than 63 cents.

2. None of said plaintiffs and intervenors ever was "at work", or acting in the course of his employment under the contract of employment then subsisting between him and his employer, said Freeport Sulphur Company, Inc., at any time prior to the daily commencement of the work schedule assigned to him (which commencement occurred within 5 to 15 minutes immediately following the arrival of the company motor boats at the employer's plant or mine premises at Grand Ecaille); and each employee, whether or not he came (entirely at his option) to the scene of his day's work by means of the free motor boat transportation thus made available to him by his employer, was free to do as he willed during said few minutes interim.

3. Nor was any one of said plaintiffs and intervenors "at work", or acting in the course of his employment under said contract of employment with said Freeport Sulphur Company, Inc., at any time intervening between the termination of the employee's schedule of the day's work (which termination occurred within 5 to 15 minutes next immediately preceding the departure, from the defendant's plant or mine premises, of the company motor boats, of which the employee, entirely at his option, might make use of for his free transportation home for the night) and the arrival of such motor boats at Port Sulphur upon completion of a 35 minute 10 mile trip from Grand Ecaille.

### Conclusions of Law

1. Neither time spent by plaintiffs and intervenors in travelling from their respective homes in order to report for the doing of their work at the defendant's plant or mine premises at Grand Ecaille, nor time intervening between the arrival of the company motor boats at such premises and the commencement of the employees' daily work schedule at such plant or mine premises, nor the time intervening between the termination of such daily work schedule at such plant or mine and the next-immediately-following departure of the company motor boats on their return trip from Grand Ecaille to Port Sulphur, nor the time next immediately following such departure and the completion of said return trip at Port Sulphur, was time "worked" or time "in course of employment", for which plaintiffs and intervenors may legally seek to be compensated and paid under the Fair Labor Standards Act of 1938.

2. Defendant Freeport Sulphur Company is not liable to plaintiffs and intervenors for any sum whatever, and their herein-asserted respective claims to be paid for the average 90 minutes per day, elapsing in travel, and in "whiling away" time on the company premises next immediately preceding, and following, the doing of their "work" in producing goods for commerce, should, therefore, be dismissed at their costs.

Accordingly, let judgment be so entered.